# Pittsburgh, Westmoreland & Somerset Railroad Company *v.* Blair, Appellant.

*Railroads—Running account—Excess freight charges—Disputed questions of fact—Case for jury.*

In an action of assumpsit by a railroad company to recover an alleged balance due on a running account involving numerous transactions, where the defendant denies some of the claims, and sets up a counterclaim for alleged overcharges on freight shipments, and the testimony on the disputed matters is conflicting, a verdict and judgment for the plaintiff will be sustained, if it appears that the case was properly submitted to the jury.

Argued April 11, 1917. Appeal, No. 83, April T., 1917, by defendants, from judgment of C. P. Somerset Co., Dec. T., 1912, No. 96, on verdict for plaintiffs in case of Pittsburgh, Westmoreland & Somerset Railroad Company v. James S. Blair and David Blair. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Assumpsit to recover an alleged balance due on a running account. Before RUPPEL, P. J.

At the trial it appeared that the action was brought on an account which had run for a number of years and involved numerous transactions, including the leasing of rails and the sale of ties and other track material. Defendants denied liability on some of the claims and set up a counterclaim for alleged overcharges on freight

shipments. The evidence on all these matters was conflicting, and the court submitted the whole case to the jury.

The court charged in part as follows:

[As to this freight, the plaintiffs say the shipments were not made on a mileage basis, but made on a point to point basis; that is that they were made from a switch or siding at the intersection of Blairs operation with their road on top of the mountain to Latrobe and at points farther sometimes, and that all these shipments going westward were made on a point to point shipment and not on a mileage shipment at all, and therefore that they only charged the usual and regular rates which they were charging on their schedule of freight charges. Now as you find that fact to be you will find your verdict on this point. If the shipments were made on a point to point basis, then as I understand the testimony, there was no overcharge; if the shipments were made on a mileage basis as contended by the defendants, then there was an overcharge if the mileage was more than that which was understood at the time the shipments were made.] (1)

Plaintiff presented these points:

"3. Defendants are entitled to no set-off because of alleged overcharges for shipments of lumber and timber products, made under specific commodity tariff rates."

"Answer: That point is affirmed. As I understand the point it means this: That if there was a commodity rate, a rate fixed from the Blair intersection at the top of the mountain to Latrobe, and the shipment was made under that rate, then there can be no set-off as to that, and that point is affirmed with that understanding." (2)

"6. When a specific commodity rate is in effect between certain points and applicable to certain commodity, it supersedes other rates, and the carrier must take its shipping charge in conformity with the specific commodity rate."

"Answer: That point is affirmed, provided the shipper

is advised of that commodity rate and ships under that commodity rate. I think there is some dispute in this case as to whether the shipper was advised as to any commodity rate. We will leave that question to you."

Verdict and judgment for plaintiff for $1,468. Defendants appealed.

*Errors assigned* were (1-3) above instructions quoting them and (4) refusal of binding instructions for defendants.

*Chas. H. Ealy,* of *Uhl & Ealy,* with him *David Blair* and *Ross R. Scott,* for appellants.

*Ernest O. Kooser,* with him *Edmund E. Kiernan,* for appellee.

Per Curiam, July 13, 1917:

The accounts between these parties were so confused, that the court properly stated to the jury, "This kind of a case is necessarily protracted. There are a great many items and a good deal of evidence, and you will have to give it very careful and thoughtful attention." The amount of the plaintiff's claim with the admitted and disputed payments, were presented by parties who should accurately know all of the facts, and resulted in a verdict of $1,468. The court refused to grant a new trial upon condition that the plaintiff file a remittitur of $400, and judgment was entered less that amount.

The charge of the court and the opinion refusing a new trial, fairly dispose of the controverted legal questions. After a careful examination of the whole record, we fail to find any reversible error that would warrant a retrial of this case.

The judgment is affirmed.